LAND, J.
 

 The garage and filling station, known as 6329 St. Claude avenue, city of New Orleans, and owned by plaintiff, was destroyed by fire July 20, 1927.
 

 Plaintiff alleges that( his garage and filling station, at the date of the fire, was operated by the defendant, Nola Oil Company, Inc., under a sublease, and that the destruction of his property was caused by the negligence of the driver of a gasoline truck, owned by defendant, in lighting a cigarette, and in throwing the burning match in the direction of the gasoline, flowing through a hose connecting defendant’s tank wagon with an underground tank on the premises of plaintiff.
 

 Plaintiff claims damages against defendant in the sum of $5,000, as the value of the building destroyed, and in the further sum of $2,-000, for loss of rent for the unexpired term of the lease.
 

 Defendant admits that it subleased the property from Livaudais and Norton, a commercial firm, for 33 months and 24 days, beginning December 20, 1926; but denies that it was operating the garage and filling station for any purpose at the date of the fire, July 20, 1927, and alleges that at that date the premises were subleased by defendant to Mayer Brothers, and were operated by that firm.
 

 Defendant also denies the negligence imputed to the driver of its tank wagon at the date of the fire.
 

 From a judgment rejecting his demands and dismissing his suit, plaintiff has appealed.
 

 At the time of the fire there were present Dominick Manguno, the driver of the tank wagon, Bernard Mayer, one of the sublessees of the garage and filling station, and Florence Brubaker.
 

 There is a bench near the door of the office on the premises, and only a few feet from the underground gasoline tank, which was being filled by the driver of defendant before the fire, which occurred at about 9 a. m. At that hour there were seated on this bench Henry Luquet, Paul Ojeda, and Paul Latopie, the latter the only witness appearing for plaintiff in the ease.
 

 This witness testifies -substantially that he was sitting on the bench when the truck backed up; that the truck driver had a cigarette in his mouth when he got down off his truck; and that he had a cigarette in his mouth when he grabbed the hose on his tank wagon and attached it to the underground tank, and turned and walked into the office.
 

 The testimony of this witness is flatly contradicted by the truck driver himself, and by defendant’s witnesses, Bernard Mayer and Florence Brubaker. The truck driver denies positively that he had a cigarette in his possession at the time of or before the fire, and he is corroborated in this denial by both Bernard Mayer and Florence Brubaker.
 

 In addition to this, Paul Ojeda, a witness for defendant, who was sitting on the bench with Henry Luquet and Paul Latopie when the truck driver backed up to deliver gasoline to the underground tank, testifies emphatically that, after the truck driver had connected the hose with the underground tank, and was in the office collecting his money, Henry ‘Luquet struck a match to light a cigarette, and
 
 *221
 
 the vapor from the tank down below caught fire; that Luquet threw the match away, and, as he did so, the flames burst up.
 

 The testimony of Paul Ojeda is corroborated by that of Henry Luquet, another witness for defendant, who made the following statement on the stand: “The driver,'Nick, got the hose off the truck and coupled it to the faucet, put it on the tank and turned it on; and just at that time Mr. Mayer called Nick to get his money. Just then I stepped to the end of the bench and asked Ojeda for a cigarette, which he gave me, and I pulled out a match and lit it, and threw away the match, and looked towards the tank and saw the flames coming out.”
 

 Paul Latopie, plaintiff’s witness, was sitting on the bench at the office door with Ojeda and Luquet, at the time of this occurrence, and must have observed the lighting of the cigarette by Luquet.
 

 Plaintiff has failed to prove any negligence upon the part of the driver of defendant’s tank wagon, and, under the state of facts disclosed by the record, plaintiff’s demands were properly rejected.
 

 Judgment affirmed.